DAVIS, Judge.
Belinda McLeod challenges the part of her sentence which requires her to pay $500 restitution for an uncollectible credit card payment made on her open Badcock Home Furnishings account. She argues that Badcock was left in the same position after she made the uncollectible payment as it was before the payment was made and, therefore, suffered no actual loss. We agree and reverse.
McLeod used a stolen American Express credit card to make a $500 payment on her existing Badcock account. She was in possession of the furniture purchased on the account, and the account had a $2300 balance prior to the $500 payment. When McLeod made the payment over the phone, Badcock credited her account $500. However, when American Express informed Badcock that the payment was un-collectible, Badcock debited McLeod’s account. McLeod pleaded nolo contendere to grand theft.
A defendant is responsible to make restitution for damage or loss caused directly or indirectly by the defendant’s offense. See § 775.089(l)(a), Fla. Stat. (1999). Because McLeod and Badcock were in a debtor/creditor relationship before this incident occurred and no competent, substantial evidence was presented to show that the relationship was altered to Bad-cock’s detriment as a result of McLeod’s fraudulent use of the credit card, we conclude that Badcock suffered no loss as a result of McLeod’s offense.
Reversed.
CAMPBELL, A.C.J., and CASANUEVA, J., Concur.